## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| Mark Burton, | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| Admin Recovery LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
|  | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

For this Complaint, the Plaintiff, Mark Burton, by undersigned counsel,

states as follows:

## **JURISDICTION**

1.      This action arises out of Defendants' repeated violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the

Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, *et seq.*

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in

that the Defendants transact business in this District and a substantial portion of the

acts giving rise to this action occurred in this District.

**PARTIES**

4.      The Plaintiff, Mark Burton ("Plaintiff"), is an adult individual residing in Riverdale, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Admin Recovery LLC ("Admin"), is a New York business entity with an address of 5930 Main Street, Williamsville, New York 14221, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Admin and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Admin at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A. The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

2

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Admin for collection, or Admin was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## B. Admin Engages in Harassment and Abusive Tactics

12.     In or around July 2014, Admin began calling Plaintiff in an attempt to collect the Debt.

13.     On more than one occasion, Admin failed to disclose the name of the company calling.

14.     Admin called Plaintiff at Plaintiff's place of employment after Plaintiff told Admin to stop calling him at work.

15.     Moreover, Admin continued to call Plaintiff after Plaintiff informed Admin that he was represented by an attorney and directed the collector to speak with his attorney.

16.     Additionally, Admin contacted Plaintiff's relatives after speaking with Plaintiff on his cellular telephone.

17.    During a conversation with Plaintiff's sister, Admin stated, "You must be a family of debtors."

18.    Admin called Plaintiff at an annoying and harassing rate, placing up to six calls daily.

19.    Admin failed to send Plaintiff written correspondence regarding Plaintiff's right to dispute the Debt.

**C. Plaintiff Suffered Actual Damages**

20.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

23.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

25.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

26.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

30.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.    The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, *et seq.*

32.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.    The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

34.    The Plaintiff incurred a Debt as a result of engaging in "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

35.    The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

36.    The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

37.     Defendant's failure to comply with these provisions constitutes an

unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is

entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against

Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and

    O.C.G.A. § 10-1-399(a) against Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C.

    §1692k(a)(2)(A) against Defendants;

3.  Treble damages pursuant to O.C.G.A. § 10-1-399(c) against

    Defendants;

4.  Costs of litigation and reasonable attorney's fees pursuant to 15

    U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against

    Defendants;

5.  Actual damages from Defendants for the all damages including

    emotional distress suffered as a result of the intentional, reckless,

    and/or negligent FDCPA violations and intentional, reckless,

7

and/or negligent invasions of privacy in an amount to be

determined at trial for the Plaintiff;

6.  Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against

Defendants; and

7.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 17, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Mark Burton
LEMBERG LAW L.L.C.
1100 Summer Street, Third Floor
Stamford, CT 06905
Telephone: (203) 653-2250 ext. 5500
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com